Curia, per

O’Neall J.
The only ground, which will be considered, is the fourth. For the judgment to be pronounced upon it, will dispose of this case. The testator, in the third clause of his will, after the death of his wife, devised to the plaintiffs, as trustees for the use of his daughter, Mary Ann Emanuel, “the following tracts of land, one tract .where Mr. Emanuel now lives, and the lower half of a tract, lying between Herendenes Prong, and Crooked Creek, next to Mr. Crossland’s land, (the sawing timber excepted.”) Is this exception good'? If it is, the plaintiffs-are not entitled to recover. For the defendant cut none other, than the sawing-timber, in which the plaintiffs would, in that event, have no interest. I propose to examine this question, with the aid of such lights, as authority may give. For it is one of strict law ; and if the exception be consistent with it, no one can say it is contrary to the intent of the testator. His words plainly show, that he did not intend to devise “ the sawing timber.” To begin with Lord Coke, Co. Litt, 47, a, it will be found, that after speaking of a reservation, he says, “and note a diversity, between an exception, (which is ever of part of the thing granted, and of a thing in esse,) for which ex capis, salvo, poster, and the like be apt words; and a reservation, which is always, of a thing not in esse, but newly created, or reserved out of the land or tenement. *42 Poterii enim quis rem dare et partim rei retiñere, vel partint de pertinentiis et ilia pars quam retinet semper cum eo est et semper fait. But out of a general, a part may be excepted, as out of a manor, an acre, ex verbo generali aliquid ex-cipitur and not a part of a certainty, as out of twenty acres, one. “This quotation, in its quaint English and Latin, is not exactly clear, at first view. But the meaning is, when there is a conveyance, , by general words, covering an entire whole, made up of such quantities, or things as may be separable, in such a case, an exception of a part is good, and does not pass under general words. It would,-however, be different, where the words defined the precise quantity conveyed, as 20 acres ; in such a case, an exception of one acre, being inconsistent with the previous grant, could not be allowed. Apply the law, thus explained, to this case, and it is plain, the exception is good. For the deviséis of-two tracts of land, by ' general words, except the sawing timber. The devise of the land, would, unless restricted, carry timber standing upon the land. Yet it is but a part of the land, which the testator might have severed from it, or sold, to another, and being, therefore, a separable part, it might be excepted. But it is unnecessary to follow up this matter, through the various authorities, to which reference might be made. The substance of them all, will be found in Preston’s edition, of Sheppard’s Touchstone, marg. page, 78. 1st. vol. In that authority, the following passages are found. “And if one grant land, excepting the timber trees thereupon, or excepting the trees thereupon; or if a man' sell a wood, excepting twenty of the best oaks, and show which, in certain, (or to be taken at his election, or by assignment of the grantee;) these are good exceptions.”' “So, if one have a manor, wherein is a wood, called the great wood, and he grant his manor, excepting all the woods and under-woods, that grow in the great wood, and all the trees that grow elsewhere, this is a good exception.” These sentences-shew plainly, that an exception of timber trees is good, provided it be sufficiently definite, to ascertain what was meant. The only objection, which could be urged to the exception under the will before us, wmuld be, that the words “sawing timber,” did not define, sufficiently, the timber in *43 tended to be exeepted. But tliere can be no force in that objection, when it is conceded, as it is by the report, that none but timber, of the charactér described in the will, was cut. Independent, however, of this, the terms “ sawing timber,” are of as certain meaning, as “ timber trees” in England, or “ rail timber” in this State. They mean such timber, as is proper to be sawed into boards and scantlin. In the pine region, it- would be confined to pine timber. In oak and hickory land, it would embrace all the other varieties, which are sawed and used in boards, or scantlin.
The motion for a non-suit is granted.
JOHN B. O’NEALL.
We concur. J. S. Richardson, Josiah J. Evans, B. J. Earle, A. P. Butler, D. L. Wardlaw.

Abstract from, the icitt of Wm. Pledger.

1st. All the real and personal estate, given to widow for life.
2nd. A tract of land, to Wm. E. Pledger, and negroes.
3d. To John Terrel, Josiah J. Evans, James Forness, James Irby, and W. E. Pled-ger, the tract of land, whereon Emanuel lives, (die sawing timber excepted,) and eight negroes; “in trust, nevertheless, to permit my daughter, Mary Ann Emanuel, to use and enjoy the same, to her sole and separate use, without the control or interference of her husband, during the term of her natural life, and after her death, to convey the same to the heirs of her body. But should my said daughter die, leaving no heirs of her body, surviving her, then I give the said above lands and negroes, to the said (trustees,) to permit my son, Philip Williams Pledger, to use, occupy, and enjoy the same, during his natural life, and after his death, to convey the same to the heirs of his body.”
4th. Another tract of land and negroes, to same trustees, for Caroline Williams, with limitation similar to the above, with a devise over to Mrs. Emanuel, to hold by her, as in the 3rd clause.
5th. To same trustees, “all my land, which I have not herein-before disposed of,” and 23 negroes, “to permit my son, Philip Williams Pledger, to use and enjoy the same, during his natural lité, and after his death, to convey the same to the heirs of his body. But should he die, without any such heirs, then the said trustees are to divide the same, equally, amongst my surviving children, the issue of any deceased child, talcing the share of any of my children, who may be then dead. Blit the shares of my daughters, Mary Ann and Caroline, are to be subject to the same trusts and limitations over, as the estate, the use of which is herein before given to them. This clause is, however, intended to prevent my son, Philip, from wasting the property. Therefore, should he prove to be industrious and frugal, I do, hereby, authorize and empower the said trustees, or a majority of them, should they think it prudent to do so, to convey the property herein before described, to him absolute, whenever “he shall be married, and have a child or children,” and in case both my daughters, Mary Ann and Caroline, should die without leaving any children surviving them, then I give the estate, herein before left to their use, to such of my other children, as may be then living, or their heirs.
*44 6th. Elizabeth Pledger, Ex’rx. during life, and afterwards, the trustees.
Elizabeth Pledger, qualified as Ex’rx. After her death, no one else has qualified. I certify, that the foregoing is a correct abstract of the will, ofWm. Pledger.
JOS. DAVID.
April 30th, 1841.
Ordinary, M. D.